CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 27 2009
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| TODD M. JACK, | ) |
| | ) Civil Action No. 5:08CV00111 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| BILL MCCOLLUM, | ) |
| Attorney General for the State of Florida, | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

The plaintiff, Todd M. Jack, proceeding pro se, filed this action against the defendant, Bill McCollum, the Attorney General for the State of Florida, for the alleged failure of the State of Florida and certain of its officials, including officers of the Lee County Sheriff's Department, to recognize that section of Virginia law which permits an individual, such as the plaintiff, to register an uninsured motor vehicle in the Commonwealth. The court granted the plaintiff's contemporaneously filed motion to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1). After reviewing the complaint filed in this matter, however, the court believes that the action must be dismissed without prejudice because it seeks monetary relief against a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), for the reasons set forth below.

## BACKGROUND

In his complaint, the plaintiff alleges that he is a legal resident and licensed driver of the Commonwealth of Virginia. On November 21st of an unspecified year, the plaintiff was present on his property in the State of Florida for the purpose of developing the property for future sale.

The plaintiff was also in Florida to arrange for certain individuals to act as his agents in the sale of renewable energy devices in that State as well as along other areas of the East Coast. Corporal C. Yerk and Deputy Sheriff K. Swanson of the Lee County Sheriff's Department were also present at that time and checked the plaintiff's driver's license "to confirm his right to be present on his Florida property." After the officers discovered that the plaintiff was operating an uninsured vehicle, as an uninsured motorist, they took possession of the plaintiff's driver's license. Corporal Yerk also ordered the plaintiff to leave the property and to load the equipment he had with him on the site into his trailer.

After the plaintiff's driver's license was seized by the officers, he had difficulty returning to the Commonwealth of Virginia without the use of that document as a proper means of identification. According to the plaintiff, no citation or ticket was ever issued by officials of Lee County in Florida nor was he ever required to appear in a Florida court with regard to his Virginia driver's license. The plaintiff states that the actions taken by the State of Florida and its officials violate the Full Faith and Credit Clause of the United States Constitution, deny him his right to the ownership and peaceful use of personal property, and deny him his right to engage in interstate commerce. As a result, the plaintiff claims that he has suffered damages in the amount of $107,000 to include emotional and physical pain and suffering.

As the plaintiff is proceeding in this case pro se, the court will construe the complaint liberally in order to ascertain whether it states any cause or causes of action over which the court would have subject matter jurisdiction. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). In that light, the court believes that the plaintiff's allegations purport to state a claim for the violation of the plaintiff's civil rights by State actors, in violation of 42 U.S.C. §

2

1983.

## STANDARD OF REVIEW

With regard to all proceedings in forma pauperis, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, South Carolina, 434 F.3d 725, 728 (4th Cir. 2006). Title 28 United States Code Section 1915 governs such proceedings as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal -
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Therefore, the court has a mandatory duty to screen initial filings to determine whether they fall within any of the causes for dismissal set forth in § 1915(e)(2)(B). Eriline Co. v. Johnson, 440 F.3d 648, 656-7 (4th Cir. 2006). Although § 1915(e)(2) "does not authorize the district court to engage in factfinding to resolve disputed facts, it does permit the court to apply common sense, reject the fantastic, and rebut alleged matters with judicially noticeable facts." Nasim v. Warden, Maryland House of Corr., 64 F.3d 951, 954 (4th Cir. 1995).

## DISCUSSION

After screening this in forma pauperis action pursuant to § 1915(e)(2), the court is constrained to conclude that the complaint improperly seeks monetary relief against a defendant who is immune from such relief based upon the operation of the Eleventh Amendment. In this action, wherein the plaintiff seeks only money damages, the sole named defendant is the Attorney

3

General for the State of Florida. The Eleventh Amendment will bar actions in which a state is named as a defendant as well as actions "against state agents and state instrumentalities." Regents of the Univ. of California v. Doe, 519 U.S. 425, 428 (1997). As a result, this immunity also applies to "state employees acting in their official capacity." Harter v. Vernon, 101 F.3d 334, 337 (4th Cir. 1996) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)). See also, Lynn v. West, 134 F.3d 582, 587 (4th Cir. 1998) (finding that when "the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants") (quoting Ford Motor Co. v. Dep't of Treasury, 323 U.S. 459, 464, 65 S. Ct. 347, 350, 89 L. Ed. 389 (1945)).

The plaintiff has alleged that he seeks compensatory damages, including damages for emotional and physical pain and suffering, in the amount of $107,000, claiming that such were the result of "[t]he unlawful act of the officials of the State of Florida." In fact, in the first paragraph of his complaint, the plaintiff actually states that he is filing his complaint against the State of Florida itself, although the caption names only "McCollum, Attorney General for State of Florida." Although it is true that the actions of which the plaintiff complains were directly committed by certain members of the Lee County Sheriff's Department, the State of Florida and its Attorney General are the only entities from which the plaintiff seeks recompense. Therefore, the plaintiff's action is barred by the Eleventh Amendment because he seeks money damages from a state and/or state official in his official capacity.

Although improper venue is not a ground for dismissal under § 1915(e)(2), the court also notes that venue in this case is not proper in this district. A civil action such as this one, in which

4

jurisdiction is not founded solely on diversity, may be brought only in (1) a judicial district where the defendant resides; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). In this case, the defendant is a resident of the State of Florida and the events of which the plaintiff complains occurred solely in Florida. Therefore, even if the action were not barred by the Eleventh Amendment, the plaintiff could pursue his claims only in the appropriate judicial district in Florida.

## CONCLUSION

For the foregoing reasons, the court finds that the instant action must be dismissed because it seeks monetary relief against a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Such dismissal shall be without prejudice.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to the plaintiff.

ENTER: This 27th day of February, 2009.

*[signature]*

United States District Judge